# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD N. DIEUDONNE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 11-531 |
| C.O. I J.P. ANKRON, *et al.*, | ) | Magistrate Judge Bissoon |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be denied.

### II. REPORT

Plaintiff Ronald N. Dieudonne ("Plaintiff") presently is incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), located in Labelle, Pennsylvania. Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP"), to which he has attached a proposed complaint. (Doc. 1-2). In this proposed complaint, Plaintiff claims violations of his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States based on alleged incidents that occurred on December 17 and 18, 2010. Id. at 2-3, 6.

Under the Prisoner Litigation Reform Act of 1996 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), Congress created the so-called "three-strikes rule," which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

> be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended). As is apparent from the plain language of the statute, under this rule a prisoner who, on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical harm. Piskanin v. Pennsylvania Dept. of Corrections, No. 09-322J, 2010 WL 3834845, at *1 (W.D.Pa. Aug. 17, 2010).

Analysis under the "three-strikes rule" of § 1915(g) must be made at the time of commencement of the action. Lopez v. U.S. Dept. of Justice, 228 F.App'x 218, 219 (2007) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)). "[O]nly the strikes actually earned up to that time are relevant. The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike." Lopez, 228 F.App'x at 219. Additionally, "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." Id. at 218.

A review of the Western District of Pennsylvania's CM/ECF electronic filing system indicates that Plaintiff has filed several cases that were dismissed for failure to state a claim upon which relief may be granted. The first is Dieudonne v. Rozum, No 10-181J (filed July 8, 2010). This was dismissed on August 30, 2010, and no appeal was taken. The second case is Dieudonne v. Rozum, No. 10-236J (filed Sept. 14, 2010). This was dismissed on November 10, 2010, and no appeal was taken. The third is Dieudonne v. Cross, No. 10-1038 (filed Aug. 6, 2010). This case was dismissed on October 21, 2010, and no appeal was taken. Additionally, Plaintiff has failed to provide any sort of indication, in his complaint or otherwise, that he is in imminent danger of serious physical injury. Accordingly, his motion for leave to

proceed IFP should be denied, and Plaintiff should be required to pay the full filing fee prior to instituting this civil action.

### III. **CONCLUSION**

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to proceed IFP (Doc. 1) be denied.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this report and recommendation must be filed by May 10, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, -- F.3d --, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).


April 26, 2011                              s/Cathy Bissoon
                                            CATHY BISSOON
                                            UNITED STATES MAGISTRATE JUDGE

**Cc:**
**RONALD N. DIEUDONNE**
FR1261
50 Overlook Dr.
La Belle, PA 15450