# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD N. DIEUDONNE,        )
                                        )
        Plaintiff,        )
                                        )
        v.             )      Civil Action No. 11-531
                                        )      Judge Gibson
C.O. I J.P. ANKRON, *et al.*,      )      Magistrate Judge Bissoon
                                        )
        Defendants.      )

## MEMORANDUM ORDER

Plaintiff Ronald N. Dieudonne ("Plaintiff") presently is incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette"), located in Labelle, Pennsylvania. Plaintiff has filed a motion to proceed *in forma pauperis* ("IFP"), to which he has attached a proposed complaint. (Doc. 1-2). In this proposed complaint, Plaintiff claims violations of his rights under the Eighth and Fourteenth Amendments to the Constitution of the United States based on alleged incidents that occurred on December 17 and 18, 2010. Id. at 2-3, 6. On April 26, 2011, United State Magistrate Judge Cathy Bissoon issued a report and recommendation, in which she recommended that Plaintiff's motion to proceed IFP (Doc. 1) be denied under the so-called "three strikes rule" of 28 U.S.C. § 1915(g). (Doc. 2).

Plaintiff has filed objections to the report, arguing, *inter alia*, that one of the Defendants assaulted him on April 23, 2011 – two days after the date on his complaint indicates that it was placed in the prison mail system – in retaliation for filing the instant lawsuit. See (Doc. 1-2) at 6; see also (Doc. 3) at 1. Plaintiff also indicates that he "endured an eleven day hunger strike so the [*sic*] he can be removed from [SCI-Fayette]. When the officials refused they stated tampering

with Plaintiff's food." (Doc. 3) at 1. Notably, Plaintiff does not indicate when this event occurred, or how the alleged "tampering" put him in danger of physical harm.

The "three strikes rule" of 28 U.S.C. § 1915(g) prohibits granting leave to proceed IFP to individuals who:

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. The imminent danger exception may be invoked only to seek relief from danger that is imminent at the time that the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). Plaintiff has failed to satisfy this requirement.

After de novo review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered.

AND NOW, this __12th__ day of __May__, 2011,

IT IS HEREBY ORDERED that Plaintiff's motion to proceed IFP (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall, within 60 days of the date of this order, pay the entire filing fee for this civil action. Failure to pay the entire fee within this period of time will result in dismissal of this case.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation of April 26, 2011 (Doc. 2), is adopted as the opinion of this Court on this matter.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

cc:
**RONALD DIEUDONNE**
FR-1261
SCI Fayette
50 Overlook Drive
La Belle, PA 15450